**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5073**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MOYA VANTION MOORE,

                Defendant - Appellant.


_____

**No. 11-5190**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MARVIN EARL CANNON,

                Defendant - Appellant.


_____

Appeals from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Terrence W. Boyle,
District Judge.  (4:10-cr-00046-BO-1; 4:10-cr-00046-BO-2)

_____

Submitted:  July 13, 2012          Decided:  August 3, 2012
_____

Before KING, DIAZ, and FLOYD, Circuit Judges.
_____

No. 11-5073: Dismissed, and No. 11-5190: Dismissed in part, affirmed in part, by unpublished per curiam opinion.

---

Rudolph A. Ashton, III, MCCOTTER ASHTON, P.A., New Bern, North Carolina; Dennis M. Hart, Washington, D.C., for Appellants. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In Case No. 11-5073, Moya Vantion Moore seeks to appeal his 235-month sentence. The Government has moved to dismiss the appeal as barred by Moore's waiver of the right to appeal included in the plea agreement. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Moore knowingly and voluntarily waived his right to appeal and that the issues Moore seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss.

In Case No. 11-5190, Marvin Earl Cannon seeks to appeal his 292-month sentence. The Government has moved to dismiss the appeal as barred by Cannon's waiver of the right to appeal included in the plea agreement. Upon review of the plea agreement, we conclude that Cannon knowingly and voluntarily waived his right to appeal. Further, with the exception of his claim of ineffective assistance of counsel, the claims Cannon seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights. Thus, we grant the Government's motion to dismiss Cannon's appeal except as to Cannon's claim that he received ineffective assistance of counsel.

Cannon's appellate waiver excepted appeals based on ineffective assistance of counsel. He therefore has not waived

3

his right to pursue this claim on direct appeal.  However, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted). The record does not conclusively establish that Cannon's counsel was ineffective.  Thus, we affirm Cannon's conviction and sentence to the extent that he makes this challenge.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 11-5073: DISMISSED<br>
No. 11-5190: DISMISSED IN PART, AFFIRMED IN PART